**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:21 CR 7** |
| | ) | |
| **FRANK STORK** | ) | |

**O R D E R**

Following a stop during which a firearm was discovered in his vehicle, defendant Frank Stork was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (DE # 1.) Stork moved to suppress the evidence seized from his vehicle during the stop, all observations made by the arresting officers, and his statements made to the officers in connection with the stop. (DE # 25.) This court referred the matter to Magistrate Judge John E. Martin for a report and recommendation. (DE # 43.) Magistrate Judge Martin held two hearings (DE ## 51, 53), and subsequently recommended denial of the motion to suppress based on his findings that: (1) there was probable cause for the initial traffic stop; and (2) the search of Stork's vehicle was a proper warrantless search under the automobile exception. (DE # 89.)

Stork filed timely objections to the Report and Recommendation. (DE # 90.) If a party files a timely objection to the magistrate judge's report and recommendation, the district judge – giving deference to the magistrate judge's findings of fact and credibility determinations – must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). But a de novo determination is not the same as a de

novo hearing; the district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995).

Stork poses four objections to the Report and Recommendation. First, he challenges Magistrate Judge Martin's recommendation that the search of his vehicle was proper under the automobile exception to the warrant requirement. (DE # 90 at 1.)

"Warrantless searches are per se unreasonable under the Fourth Amendment, unless an exception applies." *United States v. Smith*, 989 F.3d 575, 581 (7th Cir.), *cert. denied*, 142 S. Ct. 488 (2021). Where there was no search warrant, the government must show by a preponderance of the evidence that the search fell within one of the recognized exceptions to the warrant requirement. *United States v. Zahursky*, 580 F.3d 515, 521 (7th Cir. 2009). One such exception is the automobile exception. "Under the automobile exception, an officer may search a vehicle without a warrant if there is probable cause. Probable cause exists if, given the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Smith*, 989 F.3d at 581-82 (cleaned up). "It requires a probability, not absolute certainty, that contraband or evidence of a crime will be found." *Zahursky*, 580 F.3d at 521.

Under the automobile exception, probable cause need not be related to the offense of arrest. *United States v. Edwards*, 769 F.3d 509, 514 (7th Cir. 2014). Furthermore, "[w]here law enforcement agents have probable cause to search a vehicle, they may

search all areas in the vehicle in which contraband or evidence of criminal activity might be found, including closed containers, packages, compartments, and trunks." *Zahursky*, 580 F.3d at 523. "In determining whether there is probable cause to search, law enforcement officers may draw reasonable inferences from the facts based on their training and experience." *Id.* at 521.

In determining that the search was proper under the automobile exception, Magistrate Judge Martin relied on evidence that, after Officer Havens signaled Stork to pull over, Stork "slow-rolled" his vehicle along 62nd Street and approximately 75 yards into the Days Inn parking lot, while reaching behind the passenger seat, before finally coming to a stop. (DE # 89 at 12-13.) Magistrate Judge Martin also relied on Officer Shaginaw's knowledge that these two actions are generally linked to criminal activity, to find that the officers had probable cause to search Stork's vehicle under the automobile exception to the warrant requirement. (*Id.*)

Stork now argues that his reaching around inside his vehicle and slow-rolling to a stop after he was directed to pull over did not establish probable cause for the search of his vehicle. (DE # 90 at 1.) He argues that Officer Shaginaw testified that he did not have any prior experience in which a suspect reached behind the passenger seat during a traffic stop. (*Id.* at 4.) Stork also argues that Officer Shaginaw had nothing more than a hunch that he would find contraband in Stork's vehicle. (*Id.*)

Officer Shaginaw testified that he has experience with people who have reached around in a vehicle during a traffic stop, and based on his training and experience,

when someone reaches around in a vehicle while being pulled over, "they're definitely trying to hide something." (DE # 55 at 78.) He testified that in 75-80% of instances when a person either slow-rolled to a stop or actively reached around in a vehicle he uncovered criminal activity during the subsequent stop. (*Id.* at 79.)

Based on this evidence, this court agrees with Magistrate Judge Martin's assessment that the officers had probable cause to search Stork's vehicle. Given Stork's furtive movements within the vehicle, his refusal to immediately stop when signaled to do so, and the testimony that, in Officer Shaginaw's experience, such behavior is strongly correlated with subsequent discovery of criminal activity, there was a fair probability that contraband or evidence of a crime would be found in Stork's vehicle. Thus, the Government has established by a preponderance of the evidence that the search fell within the automobile exception to the search warrant requirement.

Stork's second objection is that the search of his vehicle was a search incident to arrest and his former counsel was ineffective when counsel argued that it was not a search incident to arrest. Because the Government did not rely on the search incident to arrest exception to warrantless searches, Magistrate Judge Martin declined to analyze Stork's counsel's argument that the search was not incident to Stork's arrest. (DE # 89 at 13.) Magistrate Judge Martin found that because the initial stop was warranted, and evidence from the vehicle was obtained under a constitutionally valid automobile search, suppression is not warranted and the court need not address the application of the search incident to arrest exception. (*Id.*) This court agrees. Stork has nothing to gain

by attempting to shoehorn his situation into an exception that may not apply, when a different exception renders the search constitutional.

Stork's third objection is that Officer Medwetz performed an improper inventory search when he searched the fuse compartment underneath the passenger seat. (DE # 90 at 3.) Magistrate Judge Martin determined that the Government had not met its burden of proving that the search the officers conducted of Stork's vehicle was a proper inventory search. (DE # 89 at 11.) However, as this court has determined that the automobile exception applies to make the search constitutionally permissible, the fact that the search was not a proper inventory search is irrelevant. *See e.g. Zahursky*, 580 F.3d at 523 ("Because we find that probable cause to search Zahursky's vehicle existed and thus that the automobile exception applied, we need not consider whether the search was justified as an inventory, the other exception relied on by the district court.").

Stork argues that Officer Medwetz believed that he was conducting an inventory search. (DE # 90 at 3.) Yet, there is no constitutional problem where an officer operates under the assumption that one exception applies, and later it is determined that a different exception applies. *See e.g. Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) ("An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed *objectively*, justify the action.") (cleaned up, emphasis in original)).

Stork's final objection challenges the reasonableness of the initial stop of his vehicle. (DE # 90 at 15.) One basis for the initial stop was Stork's failure to signal his turn from Mississippi Street onto 62nd Street in compliance with Indiana law. Pursuant to Indiana Code § 9-21-8-25, "[a] signal of intention to turn right or left shall be given continuously during not less than the last two hundred (200) feet traveled by a vehicle before turning or changing lanes." Magistrate Judge Martin recommended that this court find that the initial stop was reasonable based on the undisputed fact that Stork did not activate his turn signal 200 feet prior to the intersection, but rather when he believed signaling would not confuse other motorists. (DE # 89 at 9.) Accordingly, Magistrate Judge Martin found that Officer Havens had probable cause to believe that Stork was in violation of § 9-21-8-25, and therefore the stop was lawful. (*Id.*) This court agrees with Magistrate Judge Martin's assessment.

"Whenever police stop a vehicle, the stop must meet the Fourth Amendment's reasonableness requirement. If a search or seizure violates the Fourth Amendment, a court will generally exclude resulting evidence." *United States v. Lewis*, 920 F.3d 483, 489 (7th Cir. 2019) (internal citation omitted). "Generally, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Probable cause exists when the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense." *Id.* (cleaned up). "Probable cause is an objective standard, based on the totality of the circumstances. If an officer reasonably thinks he sees a driver commit a traffic violation,

that is sufficient grounds to pull him over without offending the Constitution." *Id.* "Whether the driver actually committed a traffic infraction is irrelevant for Fourth Amendment purposes so long as there was an objective basis for a reasonable belief he did." *Id.*; *see also United States v. Simon*, 937 F.3d 820, 828 (7th Cir. 2019).

Here, there is no dispute that Stork did not signal 200 feet prior to making his turn; instead, he activated his turn signal at the intersection. (DE # 61 at 60; DE # 58 at 4; DE # 74 at 4-5.) Accordingly, Officer Havens had probable cause to believe that Stork committed a violation of § 9–21–8–25.

Stork argues that there is a parking lot shortly before the intersection of 62nd Street and Mississippi Street; suggesting that it would have been confusing to other motorists if he had activated his turn signal before passing the parking lot. (DE # 90 at 16.) The Indiana Court of Appeals has specifically rejected the argument that the statutory requirement to use a turn signal does not apply where it might not be clear to other motorists where specifically the driver will turn.

> [Defendant's] argument that the turn-signal statute applies only when using the turn signal will unambiguously inform other motorists where specifically the driver intends to turn would create an exception that swallows the rule. In any municipality of even slight population density, driveways, parking lots, cross-streets, and alleyways are often within 200 feet of each other. To hold that the turn-signal statute does not apply under such circumstances would amount to an exemption from the turn-signal statute at many locations where it is required and beneficial. Our legislature did not intend such an absurd result. The statute requires a continuous signal to inform other motorists of a driver's intent to turn—most motorists will figure out where the driver is turning based on where the driver actually slows down before the turn, not from the use of the signal alone.

*Quintanilla v. State*, 146 N.E.3d 982, 986 (Ind. Ct. App. 2020); *see also State v. Torres*, 159 N.E.3d 1018, 1021–22 (Ind. Ct. App. 2020).

Stork also argues that he could not comply with the statute because there is only approximately 150 feet between the Speedway and 62nd Street. (DE # 90 at 15-16.) The Indiana Court of Appeals has rejected the argument that § 9–21–8–25 does not apply if there is less than 200 feet from where a motorist entered a street and where he made his subsequent turn. *See Datzek v. State*, 838 N.E.2d 1149, 1155 (Ind. Ct. App. 2005) ("[T]he statute does not require that a person use his turn signal for 200 feet before turning in order for it to be applicable. Instead, it requires that a person use his turn signal for 'not less than the last' 200 feet traveled. Ind.Code § 9–21–8–25. Therefore, Datzek's argument that Ind.Code § 9–21–8–25 would not be applicable to him is without merit."). Stork's objections to the Magistrate Judge's recommendation regarding the reasonableness of the initial stop are without merit and will be overruled.

After a de novo review of the relevant arguments and evidence, the court finds Magistrate Judge Martin's exercise of judgment sound, and sees no compelling reason to exercise its discretion to conduct a hearing and view the witnesses. *Jackson v. United States,* 859 F.3d 495, 498 (7th Cir. 2017). The court is satisfied with the Magistrate Judge's findings and recommendations and, in its discretion, treats those findings and recommendations as its own. *Goffman*, 59 F.3d at 671.

Accordingly, the court **OVERRULES** defendant's objections to the Report and Recommendation. (DE # 90.) The court **ADOPTS** Magistrate Judge Martin's Report and

Recommendation (DE # 89) and **DENIES** defendant's motion to suppress (DE # 25).

**SO ORDERED.**

Date: March 15, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT