UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:21-CR-7 JD |
| FRANK STORK | |

**OPINION AND ORDER**

The Defendant, Frank Stork, has moved for the Court to allow him to withdraw his guilty plea and for the Court to dismiss his indictment. (DE 171.) Mr. Stork argues he should be allowed to withdraw as the charge he pled guilty to is unconstitutional in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). The motion is now fully briefed and ripe for adjudication.[1] For the following reasons, this motion will be denied.

**A. Factual Background**

Mr. Stork previously pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (DE 101.) Underlying this plea of guilty were Mr. Stork's several previous felony convictions. A 1998 federal conviction for Violent Crime in Aid of Racketeering and Using/Possessing a Firearm During/In Relation to a Crime of Violence in 1998 (DE 125 ¶ 28), a 2009 Indiana conviction for resisting law enforcement (*Id.* ¶ 29), and a previous

---

[1] This briefing includes Mr. Stork's initial motion (DE 171), the supplement filed after he was assigned new counsel (DE 181-1), and his reply brief to the Government's response (DE 183). While Mr. Stork, as a represented party, cannot make his own filings, the Court acknowledges the letter he submitted pro se containing a list of cases. (DE 184.) These cases (*Taylor*, *Cherry*, and *Rahimi*) were already noted by Mr. Stork's counsel and the Court considered them in rendering its decision. The Court also recognizes *Rahimi* is pending before the Supreme Court and a decision is forthcoming. However, as that case involves a challenge to a different law, 18 U.S.C. § 922(g)(8), the Court sees no reason to defer its ruling on Mr. Stork's motion until after the *Rahimi* decision is issued.

federal conviction for being a felon in possession of a firearm in 2010 (*Id.* ¶ 31.) Another relevant detail is that Mr. Stork's 1998 conviction is considered a crime of violence. (*Id.* ¶ 28.) This offense involved Mr. Stork, as a member of the violent street gang "Dawg Life," shooting at the house of a rival gang member. (*Id.*) Shrapnel caused by Mr. Stork's gunfire struck a four-year-old child in the face and the child required surgery to remove the shrapnel. (*Id.*). Additionally, his 2009 conviction, while not a crime of violence, did involve the use of physical force against a law enforcement officer while resisting arrest (*Id.* ¶ 29).

### B. Legal Standards

A defendant does not have an absolute right to withdraw a guilty plea, but may withdraw a guilty plea after the court accepts the plea and before sentencing "if the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002). Legal innocence may be a fair and just reason for withdrawing a guilty plea. *United States v. Harper*, 934 F.3d 524, 528 (7th Cir. 2019). Mr. Stork argues that because the statute of his conviction is unconstitutional, he is legally innocent and should be allowed to withdraw his plea.

A defendant can move before trial to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B). A defendant can make such a motion on the basis that the charged offense is based on an unconstitutional statute. *See United States v. Hurnes*, No. 1:22-CR-057, 2024 WL 2701099, *2 (N.D. Ill. May 24, 2024) (collecting authority). A constitutional challenge to a statute can be brought either as a facial challenge, or an as-applied challenge. To succeed on a facial challenge to the constitutionality of a statute, the moving party must show that the statute is unconstitutional in all applications. *City of L.A. v. Patel*, 576 U.S. 409, 415, 418 (2015). To

2

succeed on an as-applied challenge, the moving party must show it is unconstitutional because of the way it was applied to the particular facts of their case. *See United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011). Mr. Stork only brings a facial challenge in his motion.[2] (DE 171 at 3.) The Court will apply this analysis in determining whether the statute of his conviction is unconstitutional and thus permits the withdrawal of his guilty plea.

In *Bruen* the Supreme Court built upon its prior Second Amendment decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), to clarify the test for determining whether a law is consistent with the Second Amendment to the Constitution. The test articulated in *Bruen* is as follows:

> "In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.' " *Id.* at 17 (quoting *Koningsberg [Konigsberg] v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 [81 S.Ct. 997, 6 L.Ed.2d 105] (1961)).

Phrased another way, this test is composed of two prongs. The first prong is determining whether the plaint text of the Second Amendment covers the conduct at issue. *Id.* at 23, 31–34.

---

[2] Mr. Stork's reply filing at DE 183 somewhat muddles whether he is bringing solely a facial challenge. In this filing Mr. Stork refers to a case (*United States v. Cherry*) he cites as persuasive authority as "contain[ing] an as applied challenge because it is a facial challenge; essentially blurring the line between an as applied challenge and a facial challenge." (DE 183 at 1.) It is unclear what Mr. Stork would like the Court to do with this information. Absent a more direct statement, however, the Court will not expand the scope of his motion to include an as-applied challenge. Moreover, for reasons stated later in this order it is unlikely that Mr. Stork can bring an as-applied challenge given his criminal history and the governing law of the Seventh Circuit.

The second prong is determining whether the Government has established the regulation is consistent with the historical tradition of firearms regulation in the United States. *Id.* at 23–25.

The Supreme Court stated that the second prong would require the use of "historical analogies" and reasoning by analogy as is commonly done by lawyers and judges. *Id.* at 28. Consequently, in comparing a historical firearm regulation and a modern one, the key determination to be made is whether the two are "relevantly similar." *Id.* at 28–29. The *Bruen* Court did not provide an exhaustive survey of the features that could render regulations relevantly similar but found that *Heller* and *McDonald* outlined at least two: "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 29–30. Phrased differently, "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are " 'central' " considerations when engaging in an analogical inquiry." *Id.* at 29 (quoting *McDonald*, 561 U.S. at 767 (itself quoting *Heller*, 554 U.S. at 599)).

The Court further noted that this analogical reasoning is "neither a regulatory straitjacket nor a regulatory blank check." *Id.* at 30 While warning courts to not "uphold every modern law that remotely resembles a historical analogue," the Court also clarified that the Government is only obligated to identify a "historical analogue, not a historical twin." *Id.* (internal citation omitted). Therefore, even if a modern regulation is not a "dead ringer" for a historical precursor, it may be sufficiently analogous to pass constitutional muster. *Id.*

### C. Discussion

This Court has previously considered and rejected a challenge to the constitutionality of § 922(g)(1) based on *Bruen*, and it sees no reason to alter that conclusion based on recent

developments. *United States v. Rice*, 662 F. Supp. 3d 935 (N.D. Ind. 2023). In *Rice*, this Court found that § 922(g)(1) satisfies the *Bruen* test and withstood both facial and as-applied challenges. *Id.* That is, the Court found that the regulation codified at § 922(g)(1) is consistent with the history and tradition of firearm regulation in the United States.[3] *Id.*

This conclusion is shared by the overwhelming majority of federal courts to review this question. *See, e.g.*, *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) (upholding § 922(g)(1) as constitutional); *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023) (finding *Bruen* did not abrogate 10th Circuit precedent upholding the constitutionality of § 922(g)(1) under the Second Amendment as applied to both violent and non-violent felons); *United States v. Dubois*, 94 F.4th 1284, 1291–93 (11th Cir. 2024) (reaching the same conclusion as *Vincent v. Garland*); *United States v. Canada*, No. 22-4519, 2024 WL 2807182 (4th Cir. June 3, 2024) (rejecting a facial challenge to § 922(g)(1) as the law "has a plainly legitimate sweep" and may constitutionally be applied in at least some circumstances) (internal quotation omitted). This overwhelming majority also includes a thus far unanimous consensus among the Judges of this District who have confronted the question. *United States v. Regalado*, No. 3:23-CR-42, 2023 WL 9054039 (N.D. Ind. Dec. 20, 2023) (Leichty, J.); *United States v. Tribble*, No. 2:22-CR-85, 2023 WL 2455978 (N.D. Ind. Mar. 10, 2023) (Simon, J.); *United States v. Clark*, No. 1:20-CR-49, 2023 WL 2346284 (N.D. Ind. Mar. 2, 2023) (Brady, C.J.). As noted in *Rice*, this consensus position is also supported by the recognition of another Circuit Court, addressing challenges to a different federal firearm law, that felons are one of the "groups that have historically been stripped of their

---

[3] In the interest of brevity, the Court will not restate the full analysis or the *Bruen* standard here and incorporates by reference the analysis and holding of *Rice*.

Second Amendment rights." *Rice*, 662 F. Supp. 3d at 947 (quoting *United States v. Rahimi*, 61 F.4th 443, 452 (5th Cir. 2023)).

Since deciding *Rice* last year, the Court has received several requests to reconsider its holding in light of "new" developments in *Bruen* caselaw. The Court has considered each request as they came, reviewed the decisions of its sister courts, and found no basis to revisit the conclusion of *Rice*. *United States v. Young*, No. 2:22-CR-20, 2023 WL 8697936 (N.D. Ind. Dec. 15, 2023) (collecting cases and summarizing their holdings). The Court has also recently considered the case of *United States v. Neal* from the Northern District of Illinois which Mr. Stork cites in his motion as persuasive authority. No. 1:20-CR-335, 2024 WL 833607 (N.D. Ill. Feb. 7, 2024). The Court has previously explained why it does not find *Neal* persuasive authority or undermines the conclusion in *Rice*. *See United States v. Williams*, No. 2:23-CR-59, 2024 WL 1528653 (N.D. Ind. April 9, 2024). Likewise, the Court has previously addressed the decision of *United States v. Prince* from the Northern District of Illinois which Mr. Stork cites as persuasive authority. *Young*, 2023 WL 8697936, at *2 (citing *United States v. Sherls*, No. 2:22-CR-13, 2023 WL 8185665 (N.D. Ind. Nov. 27, 2023) (reaffirming *Rice* in light of *Prince*)).

Mr. Stork also points to a case from the sister court in the Southern District of Illinois, *United States v. Cherry*, as persuasive authority for the court to consider. No. 23-cr-30112, 2024 WL 379999 (S.D. Ill. Feb. 1, 2024).[4] The Court has reviewed *Cherry* and will respectfully disagree. *Cherry* grounds its conclusion on the holding of the majority decision in *Range v. Attorney General* by the United States Court of Appeals for the Third Circuit. *Id.* at *5 (citing 69 F.4th 96 (3d Cir. 2023)). The Court has previously considered *Range* and explained why it

---

[4] Mr. Stork also points to *United States v. Taylor*, No.23-CR-40001, 2024 WL 245557 (S.D. Ill. Jan. 22, 2024). This decision was also written by Judge Yandle, who wrote *Cherry*, and utilizes the same reasoning as *Cherry* to find § 922(g)(1) unconstitutional. Therefore, the Court need not address *Taylor* separately from *Cherry*.

disagrees with *Range*'s conclusion about the constitutionality of § 922(g)(1). *See Young*, 2023 WL 8697936, at *2 (citing *United States v. Wade*, No. 3:22-CR-3, 2023 WL 6037404 (N.D. Ind. Sept. 15, 2023)). Further, *Cherry* extends *Range* well beyond its holding by sustaining a facial challenge to § 922(g)(1) when *Range* expressly limited its holding to the as-applied challenge brought by a non-violent felon. *See Range*, 69 F.4th at 106 ("Our decision today is a narrow one. … Because the Government has not shown that our Republic has a longstanding history and tradition of depriving people *like Range* of their firearms, § 922(g)(1) cannot constitutionally strip him of his Second Amendment rights.") (emphasis added). The Court is not persuaded that *Range* should be expanded in such a manner given the explicit limitations incorporated in the Third Circuit's decision.

Mr. Stork also faults the Government for not submitting the declaration of an expert historian or seeking to introduce expert testimony in support of their historical analysis. This argument is misplaced. Nothing in *Bruen* requires the Government to produce such an expert witness to satisfy their burden. Further, Mr. Stork does not dispute the factual accuracy of the Government's historical sources or citations. He merely argues these historical practices are not sufficiently analogous to sustain § 922(g)(1). Consequently, there is no need for testimony to guide this Court's analysis, as a matter of law, regarding whether § 922(g)(1) is consistent with the history and traditions of firearms regulation in the United States. Sister courts within this Circuit have reached the same conclusion about an expert witness being unnecessary when the factual record is not disputed. *See e.g.*, *United States v. Head*, No. 23-CR-00450, 2024 WL 2292236, at *7–8 (N.D. Ill. May 21, 2024); *United States v. Barwicks*, No. 20-cr-00563, 2024 WL 1521473, at *8 (N.D. Ill. Apr. 8, 2024) (collecting cases).

Mr. Stork also raises two arguments in his motion which the Court has addressed before but will briefly discuss again. The first argument relates to the first step of the *Bruen* inquiry, which is determining whether the plain text of the Second Amendment covers the conduct at issue. Mr. Stork argues his conduct, possessing a firearm, is such protected conduct. The Government argues that he falls outside the scope of the Amendment's protection in light of his felon status as the Amendment only protects the conduct of "law-abiding citizens." This interpretation has sometimes been referred to as the civic virtue theory of the Second Amendment. *United States v. Posey*, 655 F.Supp.3d 762, 770–71 (N.D. Ind. 2023). Mr. Stork goes on to argue that the Government's proposed standard of "law-abiding citizens" is an unworkable standard which should be rejected. The issue is unavailing to Mr. Stork as the Court previously considered this line of argument in *Rice*. In *Rice* the Court noted the conflicting signals on this theory from the Seventh Circuit but assumed, without deciding, that the defendant's conduct was covered by the plain text of the Second Amendment. *Rice*, 662 F.Supp.2d at 943–44 (citing *Posey*, 655 F.Supp.3d 762, 769–72)). The Court will stand by this position and assume, without deciding, that Mr. Stork's conduct is protected by the Second Amendment. Therefore, Mr. Stork's motion does not raise any new aspect of this issue which needs to be decided today and the Court can rest on its prior analysis.

The second argument is that Mr. Stork faults the Government for not proffering a historical law which is "distinctly similar" to the felon in possession statute. Mr. Stork frames this as an enhanced burden the Government must meet, at the second step of the *Bruen* inquiry, as the law targets a problem that has persisted since the Founding.[5] The Court has previously

---

[5] The parties agree that § 922(g)(1) targets a longstanding social problem. The Court has previously reflected the question might not be so simply answered, but there is no occasion to raise the issue here. *Williams*,

commented on the "distinctly similar" versus "relevantly similar[6]" language in the *Bruen* decision and noted it seems unlikely to have created two different substantive standards for the second step of the *Bruen* test. *Rice*, 662 F.Supp.3d at 940 n.4. The Court is not alone in its skepticism. *See e.g.*, *United States v. Hurnes*, No. 1:22-CR-057, 2024 WL 2701099, at *12 (N.D. Ill. May 24, 2024) ("*Bruen* held only that the lack of a distinctly similar regulation was "*relevant evidence*" that a challenged firearms regulation was incompatible with the Second Amendment—not that the existence of a "distinctly similar" regulation is a separate burden."). The Court has concluded § 922(g)(1) would satisfy either of these standards, if they are in fact different standards, given the historical record. *Rice*, 662 F.Supp.3d at 940 n.4; *United States v. Sherls*, No. 2:22-CR-13, 2023 WL 8185665, at *4 (N.D. Ind. Nov. 27, 2023) (reaffirming this conclusion from *Rice*). Consequently, this argument does not offer Mr. Stork any relief.

Having addressed how the Court's prior analysis squarely resolves this motion, there is one additional recently decided case the Court will address even though it was not presented by the parties. The United States Court of Appeals for the Ninth Circuit, in *United States v. Duarte*, recently held that § 922(g)(1) is unconstitutional as-applied to the defendant in that case. 101 F.4th 657 (9th Cir. 2024).[7] While the Court takes notice of this case as a Circuit decision involving a *Bruen* challenge to § 922(g)(1), it does not affect the outcome of this motion. First, *Duarte* does not support Mr. Stork's facial challenge because that case only involved an as-applied challenge. Second, *Duarte* is distinguishable based on its facts. It was uncontested that

---

2024 WL 1528653 at *2 n.2 (citing *United States v. Sherls*, No. 2:22-CR-13, 2023 WL 8185665, at *4 n.10 (N.D. Ind. Nov. 27, 2023).

[6] Allegedly the analogical standard to be used if the regulation at issue targets a societal ill which was not present at the Founding.

[7] At the time of drafting this order, the version of the opinion filed with Westlaw did not have page numbers. The decision was also not available on LexisNexis. Therefore, the Court will use citations for the opinion released by the Ninth Circuit and available here: https://perma.cc/UDK8-6ZNY (last accessed June 3, 2024).

none of Mr. Duarte's five prior felony convictions were violent offenses. *Id.* at 7 n.1. The Ninth Circuit concluded that the Government had not shown a historical tradition of disarming non-violent felons which would justify disarming Mr. Duarte. *Id.* at 62–63. All the same, in reaching this conclusion the Ninth Circuit concluded that there are categories of felonies which would justify disarmament under § 922(g)(1).[8] *Id.* at 59-60. This last conclusion makes *Duarte* adverse to Mr. Stork. As previously noted, one of Mr. Stork's prior felonies is a crime of violence, based on his discharge of a firearm in furtherance of gang activity, and the other involved the use of physical force against a police officer. Therefore, even if *Duarte* should be considered as persuasive authority, it is adverse to his facial challenge claim and would be adverse to any as-applied challenge he could mount.

Beyond the conclusion that there is not persuasive reason to revisit *Rice*, the Court would note the Seventh Circuit has recently aired skepticism that *Bruen* is a proper vehicle for challenging § 922(g)(1)'s constitutionality. In *United States v. Gay*, the Seventh Circuit noted that *Bruen* based challenges to the constitutionality of § 922(g)(1) are "hard to square" with the Supreme Court's decisions in *Heller*, *McDonald*, and *Bruen* which all include language indicating that their holdings do not disturb prohibitions on the possession of firearms by felons. 98 F.4th 843, 846 (7th Cir. 2024) (internal citations omitted).[9] While not a definitive ruling on

---

[8] The Ninth Circuit did not define these categories. But the court did refer to drug trafficking "plainly pos[ing] substantial risks of confrontation that can lead to immediate violence" as making the offense sufficiently serious to justify disarmament. *Id.* at 60. It stands to reason that if prior conduct that created a risk of violence can justify disarmament, then prior acts which did in fact cause violence would also justify disarmament.

[9] The Court will make one additional note regarding Gay's guidance on as-applied Bruen challenges. The Seventh Circuit has noted it is somewhat of an open question whether as-applied challenges can be waged against § 922(g)(1). *Gay*, 98 F.4th 843 at 846. That said, the court in Gay also noted that if such challenges are permissible, they are likely not accessible to individuals convicted of felonies which involve the use of violence or physical force. *Id*. at 846–47 (noting Mr. Gay had 22 prior felonies including aggravated battery of a peace officer). As Mr. Stork has a previous conviction for a crime of violence and resisting a police officer, he would have been unable to bring an as-applied challenge. *See also United States v. Johnson*, No. 1:20-CR-926, 2024 WL 2019541, at *3–4

10

the post-*Bruen* constitutionality of § 922(g)(1), the decision in *Gay* suggests that lower courts should exercise considerable caution in assessing *Bruen* based challenges to the statute. The Seventh Circuit's concern is in accord with the conclusion by other Circuits that *Bruen* did not abrogate prior holdings on the constitutionality of § 922(g)(1). *See e.g.*, *Dubois*, 94 F.4th 1284 (Eleventh Circuit); *Vincent*, 80 F.4th 1197 (Tenth Circuit).

### D. Conclusion

Accordingly, the Court finds that Mr. Stork has not established he is legally innocent of the crime which he pled guilty to. Thus, the Court finds Mr. Stork has not shown a fair and just reason to allow him to withdraw his guilty plea and his motion to withdraw his guilty plea is DENIED (DE 171). Likewise, his motion to dismiss the indictment is DENIED. (*Id.*)

SO ORDERED.

ENTERED: June 12, 2024

                                              /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court

---

(N.D. Ill. May 6, 2024) (applying Gay and noting an as-applied challenge was unavailable to the defendant given his criminal history).